IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BLUE HEN HOTEL, LLC, :
:
    Plaintiff, :
:
          v. :    Civil Action No.05-221-JJF
:
CHARLES P. ARENA, :
:
    Defendant. :

**OPENING BRIEF IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

 

BIFFERATO GENTILOTTI BIDEN &
BALICK

Adam Balick (DE Bar No. 2718)
Joanne Ceballos (DE Bar No. 2854)
711 King Street
Wilmington, DE 19801
(302) 658-4265

Attorneys for Defendant
Charles P. Arena

Dated: September 2, 2005

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

NATURE AND STAGE OF THE PROCEEDINGS...........................................................1

SUMMARY OF ARGUMENT............................................................................................1

STATEMENT OF FACTS...................................................................................................2

ARGUMENT........................................................................................................................3

    I.      Count I of the Complaint should be dismissed with respect to amounts allegedly not paid to second and third tier subcontractors........................................3

    II.     Count II of the Complaint should be dismissed because there is no basis for recovery under Delaware's Consumer Fraud Act

          a.    Blue Hen cannot maintain a cause of action for alleged fraud based on breach of a contractual duty.............................................................4

          b.    The Economic Loss Doctrine bars recovery in fraud for breach of contract....................................................................................5

          c.    Plaintiff has not alleged, nor can it, that any alleged fraudulent misrepresentations occurred in connection with the sale, lease or advertisement of merchandise...............................................................6

CONCLUSION....................................................................................................................7

# TABLE OF AUTHORITIES

**CASES**

*Danforth v. Acorn Structures, Inc.*
608 A.2d 1194, 1195 (Del. 1992).................................................................5

*Friendly Ice Cream Corp. v. Andrew E. Mitchell & Sons, Inc.*
340 A.2d 168 (Del. Super. 1975).................................................................3

*Kamara v. Michael Funding, LLC*
C.A. No. 04-0705-JJF, 2005 WL 1812926, *1 (D.Del. Aug. 2, 2005)..................................2

*Norman Gershman's Things to Wear, Inc. v. Mercedes-Benz of North America, Inc.*
558 A.2d 1066 (Del. 1989).........................................................................5

*Pinkert v. Olivieri*
C.A. No. 99-380-SLR, 2001 WL 641737, *5 (D. Del. May 24, 2001)......................................4

**RULES**

Federal Rule of Civil Procedure 12(b)(6).............................................................2

**STATUTES**

6 *Del. C.* § 3652.......................................................................................6

## NATURE AND STAGE OF THE PROCEEDINGS

The plaintiff, Blue Hen Hotel LLC ("Blue Hen"), filed its Complaint against Charles P. Arena ("Arena") on June 20, 2005, alleging that Arena is personally liable to Blue Hen for violations of Delaware's Prompt Payment Act, the Consumer Fraud Act, and the Fraudulent Conveyance Act. Blue Hen claims that Arena's liability arises from the failure of C. Arena & Company ("Arena & Co."), which was hired by Blue Hen as the general contractor for the construction of a hotel at the University of Delaware, to pay amounts due to subcontractors on the project. Blue Hen alleges that the corporate veil should be pierced to allow it to recover from Arena, the president and sole owner of Arena & Co.

Arena moves to dismiss portions of Count I of the Complaint and Count II in its entirety, for failure to state a claim upon which relief can be granted. This is Arena's opening brief in support of his Motion to Dismiss.

## SUMMARY OF ARGUMENT

Count I of the Complaint alleges a violation of §3503 of the Delaware Prompt Payment Act, 6 Del. C. §3501 et seq., due to Arena & Co.'s alleged failure to pay, inter alia, second tier subcontractor Energy Products & Service Co., and third tier subcontractor Diversified Construction Staffing, Inc. The statutory requirement that a contractor pay amounts "owing by the contractor" is only violated when a contractor fails to pay parties with which it has a contract. Because Arena & Co. did not contract directly with second and third tier subcontractors, Count I of Blue Hen's Complaint should be dismissed to the extent it seeks to recover payments allegedly due to Energy Products & Service Co. and Diversified Construction Staffing, Inc.

1

Count II of the Complaint alleges a violation of Delaware's Consumer Fraud Act, 6 Del. C. §2513, based on Arena & Co.'s submission of payment applications to Blue Hen with allegedly false certifications that payment had been made to subcontractors for work previously performed. Under precedent in this Court, Blue Hen cannot maintain a tort action for what is essentially a breach of a contractual duty, as Arena & Co.'s duty to submit payment applications arose from the contract between Blue Hen and Arena & Co. Moreover, Blue Hen's fraud claim is barred by the economic loss doctrine, which precludes recovery in tort for purely economic losses unaccompanied by any injury to person or property. Finally, because any alleged misrepresentations in payment applications submitted by Arena & Co. did not occur in connection with the sale, lease or advertisement of merchandise, Blue Hen has not pled, nor can it, a cause of action under the Consumer Fraud Act. Accordingly, Count II should be dismissed in its entirety.

## STATEMENT OF FACTS

When the Court analyzes a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must accept the factual allegations of the Complaint as true. *Kamara v. Michael Funding, LLC,* C.A. No. 04-0705-JJF, 2005 WL 1812926, *1 (D.Del. Aug. 2, 2005)(Exhibit A). Accordingly, the following summary of facts relevant to Arena's motion to dismiss is drawn from the allegations of the Complaint, without conceding the truth of those allegations.

Pursuant to a July 2002 Agreement, Blue Hen hired Arena & Co. as the general contractor on a project to construct a Courtyard by Marriot hotel facility. Complaint ¶¶6,8. Pursuant to the contract, Arena & Co. submitted periodic payment applications for work performed on the project which included a statement that Arena & Co. had

2

paid subcontractors for work for which payment was requested and received from Blue Hen. Complaint ¶¶10-12. Blue Hen paid Arena & Co. $1,676,402 that was due to subcontractors, but Arena & Co. only paid subcontractors $1,001,400. Complaint ¶13. Due to Arena & Co.'s failure to pay subcontractors, mechanics lien actions were filed against Blue Hen by subcontractors Oldcastle Precast Building Systems, All-Span, Inc., and First State Construction, Inc., second tier subcontractor Energy Products & Service Co., and third tier subcontractor Diversified Construction Staffing, Inc. Complaint ¶14. Blue Hen has paid $484,382 to resolve these mechanics liens, which amount it seeks to recover from Arena, the president of Arena & Co., on the theory that the corporate veil of Arena & Co. should be pierced. Complaint ¶¶16-24.

## ARGUMENT

I. **COUNT I OF THE COMPLAINT SHOULD BE DISMISSED WITH RESPECT TO AMOUNTS ALLEGEDLY NOT PAID TO SECOND AND THIRD TIER SUBCONTRACTORS.**

Count I of the Complaint alleges a violation of §3503 of the Delaware Prompt Payment Act, 6 Del. C. §3501 et seq., due to Arena & Co.'s alleged failure to pay, *inter alia*, second tier subcontractor Energy Products & Service Co., and third tier subcontractor Diversified Construction Staffing, Inc. Section 3503 prohibits a contractor from using funds received by it in connection with a construction contract until the funds have first been applied to payment of amounts "owing by the contractor" to persons furnishing labor or material for the project. The statutory requirement that a contractor pay amounts "owing by the contractor" is only violated when a contractor fails to pay parties with which it has a contract. *Friendly Ice Cream Corp. v. Andrew E. Mitchell & Sons, Inc.*, 340 A.2d 168, 170 (Del. Super. 1975). Because Arena & Co. did not contract

directly with second and third tier subcontractors, Count I of Blue Hen's Complaint should be dismissed to the extent it seeks to recover payments which allegedly should have been made to Energy Products & Service Co. and Diversified Construction Staffing, Inc.

## II. COUNT II OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE THERE IS NO BASIS FOR RECOVERY UNDER DELAWARE'S CONSUMER FRAUD ACT.

### A. Blue Hen Cannot Maintain A Cause of Action For Alleged Fraud Based On Breach Of A Contractual Duty.

Count II of the Complaint alleges that Arena violated Delaware's Consumer Fraud Act, 6 Del. C. §2513, by submitting payment applications with false certifications of payment to subcontractors. Complaint ¶¶32-34. This Court has previously held however, that such allegations do not state a cause of action under 6 Del. C. §2513. *Pinkert v. Olivieri*, C.A. No. 99-380-SLR, 2001 WL 641737, *5 (D. Del. May 24, 2001)(Exhibit B). In *Pinkert*, plaintiff-homeowners filed suit against a homebuilder and its principals alleging, *inter alia*, that the defendants had violated the Consumer Fraud Act by knowingly misrepresenting the nature of their work each time they submitted an application and certification for payment signed by one of the individual defendants. The Court noted that the duty to submit periodic payment applications existed solely by reason of the construction contract between plaintiffs and the corporate defendant. The Court held that, under Delaware law, an action based entirely on breach of the terms of a contract between the parties must sound in contract and not in tort, and, accordingly, dismissed plaintiffs' fraud claims, including the Consumer Fraud Act claim.

The principle underlying the Court's decision in *Pinkert* and the cases cited therein is the straightforward concept that a breach of contract is not a fraud. That is to

4

say, a breach of contract does not give rise to a fraud action in the absence of special additional allegations of wrongdoing in violation of some independent legal duty owed the plaintiff by the defendant. As stated succinctly by the Delaware Court of Chancery, "'a false promise can support a claim of fraud only where the promise was collateral or extraneous to the terms [of] an enforceable agreement in place between the parties." *Iotex Communications, Inc. v. Defries*, No. 15817, 1998 WL 914265, *6 (Del. Ch. Dec. 21, 1998)(observing consistency of Delaware and New York law)(Exhibit C).

As in *Pinkert*, not only do Blue Hen's fraud allegations arise solely from Arena & Co.'s performance of its contractual duties, the contractual duty from which the allegations arise is precisely the same, i.e., submission of periodic payment applications. As Blue Hen's fraud allegations in this case are identical to those asserted in *Pinkert*, Blue Hen's claim under the Consumer Fraud Act should be dismissed for failure to state a claim under the Consumer Fraud Act.

### B.   The Economic Loss Doctrine Bars Recovery In Fraud For Breach Of Contract.

As the damages allegedly suffered by Blue Hen as a result of Arena & Co.'s alleged fraud are purely economic damages, Blue Hen's Consumer Fraud Act claim is also barred by the economic loss doctrine. Embraced by the Delaware Supreme Court in *Danforth v. Acorn Structures, Inc.*, 608 A.2d 1194, 1195 (Del. 1992), the economic loss doctrine "prohibits recovery in tort where a product has damaged only itself ( *i.e.,* has not caused personal injury or damage to *other* property) and, the only losses suffered are economic in nature."

> The rationale underlying the economic loss doctrine is best understood by considering the distinct functions served by tort law and contract law. ... "[T]he concept of duty is at the heart of the distinction drawn by the

economic loss doctrine." *2314 Lincoln Park West Condominium Assoc. v. Mann*, 136 Ill.2d 302, 144 Ill.Dec. 227, 232, 555 N.E.2d 346, 351 (1990). Products-liability tort law has evolved to protect the individual and his property from the risk of physical harm posed by dangerous products. Contract-warranty law has evolved to protect a different interest: *viz.*, the "bargained for expectations" of both contracting parties and other foreseeable users who suffer loss when a product fails to meet the qualitative expectations of a consumer, *i.e.*, when a product is unfit for its intended use.

*Id.* at 1195-96. In *Danforth*, a plaintiff/buyer sued a seller of residential home building package materials seeking damages for corrective work and repairs resulting from the seller's alleged negligence. The product warranty had expired several years before suit was commenced. The Delaware Supreme Court applied the economic loss doctrine to dismiss the negligence claim as it sought recovery of strictly economic losses arising from what was essentially a breach of warranty.

In this case, as in *Danforth*,[1] Blue Hen's alleged damages stem solely from its contract with Arena & Co., and there is no personal injury or damage to other property. Accordingly, the economic loss doctrine bars Blue Hen's Consumer Fraud Act claim.

### C. Plaintiff Has Not Alleged, Nor Can It, That Any Alleged Fraudulent Misrepresentations Occurred In Connection With The Sale, Lease Or Advertisement Of Merchandise.

The Consumer Fraud Act declares it to be unlawful to make a misrepresentation "in connection with the sale, lease or advertisement or any merchandise." 6 *Del. C.* §2513(a). Plaintiff has not alleged, nor can it, that submission of payment applications with alleged false certifications occurred in connection with the sale, lease or advertisement of any merchandise. The payment applications were submitted pursuant to

---

[1] After the Supreme Court's ruling in *Danforth*, the Delaware General Assembly passed legislation limiting the application of the economic loss doctrine in actions arising from residential real property construction. 6 *Del. C.* § 3652. The statute plainly has no application in the commercial construction context.

6

a contract between Blue Hen and Arena & Co. which required payment by Blue Hen for services as they were performed. Any sale or advertisement of services by Arena & Co. to Blue Hen occurred when Arena & Co. submitted its bid for the construction contract. Because the allegedly false payment applications were submitted post-sale, Blue Hen cannot maintain a cause of action under the Consumer Fraud Act. *Norman Gershman's Things to Wear, Inc. v. Mercedes-Benz of North America, Inc.*, 558 A.2d 1066, 1074 (Del. 1989). Accordingly, Count II should be dismissed.

## CONCLUSION

For the foregoing reasons, Arena requests that Count I of the Complaint be dismissed to the extent it seeks to recover payments which allegedly should have been made to Energy Products & Service Co. and Diversified Construction Staffing, Inc. Arena further requests that Count II of the Complaint be dismissed in its entirety for failure to state a claim under the Consumer Fraud Act.

BIFFERATO GENTILOTTI BIDEN & BALICK

_/s/ Adam Balick_

Adam Balick (ID # 2718)
Joanne Ceballos (ID# 2854)
711 King Street
Wilmington, Delaware 19801
(302) 658-4265
Attorneys for Defendant
Charles P. Arena

Dated: September 2, 2005

## CERTIFICATE OF SERVICE

    I, Adam Balick hereby certify that on the 2nd day of September, 2005 two copies of the attached Opening Brief in support of Defendant's Motion to Dismiss were served electronically upon the following:

Frank Noyes II, Esquire
White and Williams LLP
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709

_____
ADAM BALICK