--- F.Supp.2d ----
--- F.Supp.2d ----, 2005 WL 1812926
(Cite as: --- F.Supp.2d ----)

Page 1

--- F.Supp.2d ----, 2005 WL 1812926
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
James M. KAMARA, Plaintiff,
v.
MICHAEL FUNDING, LLC, Defendant.
No. CIV.A. 04-0705 JJF.

Aug. 2, 2005.

**Background:** Debtor brought pro se action against creditor, asserting that the parties' mortgage transaction violated the Truth in Lending Act (TILA) and other federal statutes and regulations. Creditor moved to dismiss the TILA claims.

**Holdings:** The District Court, Farnan, J., held that:

(1) the TILA was not clearly inapplicable to debtor's claims, but

(2) debtor's TILA claims were time-barred.

Motion granted.

**[1] Federal Civil Procedure 170A ⟶1829**
170Ak1829 Most Cited Cases

**Federal Civil Procedure 170A ⟶1835**
170Ak1835 Most Cited Cases
When a court analyzes a motion to dismiss for failure to state a claim, it must accept the factual allegations of the complaint as true, drawing all reasonable inferences in favor of the nonmoving party. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A ⟶657.5(1)**
170Ak657.5(1) Most Cited Cases

**Federal Civil Procedure 170A ⟶1773**
170Ak1773 Most Cited Cases
Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[3] Consumer Credit 92B ⟶32**
92Bk32 Most Cited Cases
Purpose of the Truth In Lending Act (TILA) is to assure credit customers a meaningful disclosure of credit terms, thus enabling these consumers to compare more readily the various available credit terms and to avoid the uninformed use of credit. Truth in Lending Act, § 102(a), as amended, 15 U.S.C.A. § 1601(a).

**[4] Consumer Credit 92B ⟶33.1**
92Bk33.1 Most Cited Cases
Credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes are exempt from the provisions of the Truth in Lending Act (TILA). Truth in Lending Act, § 104(1), as amended, 15 U.S.C.A. § 1603(1).

**[5] Consumer Credit 92B ⟶33.1**
92Bk33.1 Most Cited Cases
Allegations that debtor, personally, entered into a mortgage and note in the amount of $232,000 against the specified property, which served as his personal residence, established that the transaction at issue may have been for residential, as opposed to commercial, property, and therefore stated a claim pursuant to the Truth in Lending Act (TILA). Truth in Lending Act, § 104(1), as amended, 15 U.S.C.A. § 1603(1).

**[6] Limitation of Actions 241 ⟶58(1)**
241k58(1) Most Cited Cases
Action for an alleged violation of Truth in Lending Act (TILA) must be brought within one year from the date that the alleged violation occurred. Truth in Lending Act, § 130(e), as amended, 15 U.S.C.A. § 1640(e).

**[7] Limitation of Actions 241 ⟶58(1)**
241k58(1) Most Cited Cases
Where more than five years elapsed between the date of the execution of the mortgage transaction and the date that pro se debtor filed his lawsuit, debtor's claims under the Truth in Lending Act (TILA) were time-barred. Truth in Lending Act, § 130(e), as amended, 15 U.S.C.A. § 1640(e).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**[8] Consumer Credit 92B ⇌36**
92Bk36 Most Cited Cases
When a creditor takes a security interest against property that is the principal dwelling of the debtor, the debtor has the right to rescind the transaction until the later of (1) midnight on the third day following the transaction, or (2) the date on which the creditor delivers to the consumer the notice of the right to rescission and the material disclosures that the Truth in Lending Act (TILA) requires. Truth in Lending Act, § 125(a), as amended, 15 U.S.C.A. § 1635(a).

**[9] Consumer Credit 92B ⇌60**
92Bk60 Most Cited Cases
Under the Truth in Lending Act (TILA), debtor's right of rescission is extended from three days to three years when the lender fails to provide appropriate notice of that right. Truth in Lending Act, § 125(f), as amended, 15 U.S.C.A. § 1635(f).

**[10] Limitation of Actions 241 ⇌58(1)**
241k58(1) Most Cited Cases
Where more than five years elapsed between the date on which debtor purportedly attempted to exercise his right to rescind his mortgage transaction and the date that he filed his pro se lawsuit, debtor's claim that creditor failed to provide the period in which he could exercise his right to rescission under the Truth in Lending Act (TILA) was time-barred. Truth in Lending Act, § 125(a), as amended, 15 U.S.C.A. § 1635(a).

James M. Kamara, Smyrna, DE, Pro Se Plaintiff.
Michael W. Arrington, Esquire of Parkowski, Guerke & Swayze, P.A., Wilmington, DE, for Defendant.

*MEMORANDUM OPINION*

FARNAN, District Judge.
*1 Presently before the Court is a **Motion To Dismiss** Pursuant To Fed.R.Civ.P. 12(b)(6) (D.I.16) filed by Defendant Michael Funding, LLC ("Michael Funding"). For the reasons discussed, the motion will be **granted**.

BACKGROUND

On June 29, 2004, Mr. Kamara filed a Complaint (D.I.1) alleging twenty-six violations of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.; regulations implementing the TILA; real estate settlement procedures, 12 U.S.C.A. § 2601 et seq.; and federal law regulating national banks, 12 U.S.C § 85. These claims arise from Mr. Kamara's allegations that he and Michael Funding entered into a Mortgage and Note against the property located at 164 S. Main Street in Smyrna, Delaware in the amount of $232,000. Mr. Kamara alleges that the mortgage transaction involves usurious interest rates and unfair trade practices, and that Michael Funding failed to make disclosures required by federal law. Mr. Kamara seeks injunctive relief, rescission of the mortgage, treble damages, return of the down payment, and costs of the litigation. No discovery has been conducted in this lawsuit to date.

By its Motion, Michael Lending contends that the Truth In Lending Act is inapplicable in these circumstances because the mortgage transaction was made primarily for commercial purposes. Michael Lending further contends that, even if the TILA did apply, Mr. Kamara's TILA claims are barred by the applicable one-year limitations period. In its motion to dismiss, Michael Funding did not address Mr. Kamara's claims brought pursuant to real estate settlement procedures, 12 U.S.C.A. § 2601 et seq., and federal law regulating national banks, 12 U.S.C § 85.

DISCUSSION

I. Legal Standard

[1] [2] When a court analyzes a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must accept the factual allegations of the Complaint as true. The court must draw all reasonable inferences in favor of the nonmoving party. *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

II. Whether the TILA Is Inapplicable To Mr. Kamara's Claims

[3] [4] The purpose of the Truth In Lending Act is to assure credit customers a meaningful disclosure of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

credit terms, thus enabling these consumers to compare more readily the various available credit terms and thereby to avoid the uninformed use of credit. 15 U.S.C. § 1601(a) ; *Johnson v. McCrackin-Sturman Ford, Inc.*, 527 F.2d 257, 262 (3d Cir.1975). Credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes are exempt from the provisions of the TILA. 15 U.S.C. § 1603(1).

*2 [5] Considering only the allegations in Mr. Kamara's Complaint, as the Court must do on a motion to dismiss, the Court concludes that the TILA is not clearly inapplicable to Mr. Kamara's claims. Mr. Kamara alleges that he, personally, entered into a Mortgage and Note in the amount of $232,000 against the property located at 164 S. Main Street in Smyrna, Delaware, which serves as Mr. Kamara's personal residence. Thus, on its face, the Complaint appears to state a claim pursuant to the TILA because the transaction at issue may be for residential property.

### III. Whether Mr. Kamara's TILA Claims Are Time Barred

[6] [7] The Court agrees with Michael Funding that Mr. Kamara's TILA claims are time-barred. An action for an alleged violation of TILA must be brought within one year from the date that the alleged violation occurred. 15 U.S.C.A. § 1640(e) ; *Bartholomew v. Northampton Nat. Bank of Easton, Easton, Pa.*, 584 F.2d 1288 (3d Cir.1978). Mr. Kamara filed this lawsuit on June 29, 2004. The alleged date of the execution of the mortgage transaction is October 16, 1998. Because more than five years have elapsed since the date of the execution of the mortgage transaction, the Court concludes that Mr. Kamara's TILA claims are time barred.

The Court finds that twenty of Mr. Kamara's twenty-seven claims allege that Michael Funding failed to disclose terms of the mortgage transaction in violation of TILA and its enabling regulations. FN1 Because the running of the statute deprives the Court of subject matter jurisdiction, the Court will dismiss Counts I through XIV, Count XVI through XVIII, Count XX, Count XXV, and Count XXVI FN2 for failure to state a claim pursuant to Rule 12(b)(6).

Count XXIV of the Complaint alleges that Michael Funding failed to give Mr. Kamara "the required 3 day cooling off period, as required by Regulation Z and 15 U.S.C. § 1601, et seq." The Court construes Count XXIV to refer to failure to provide the statutorily required period in which Mr. Kamara could exercise his right to rescission.

[8] [9] When a creditor takes a security interest against property that is the principal dwelling of the debtor, the debtor has the right to rescind the transaction until the later of (1) midnight on the third day following the transaction or (2) the date on which the creditor delivers to the consumer the notice of the right to rescission and the material disclosures that the TILA requires. 15 U.S.C. § 1635(a). The right of rescission is extended from three days to three years, however, where the lender fails to provide appropriate notice of that right. 15 U.S.C. § 1635(f).

[10] Mr. Kamara does not allege in his Complaint that he actually attempted to exercise a right to rescind. However, even drawing an inference in Mr. Kamara's favor, that he did attempt to exercise a right to rescind within three days of the execution of the mortgage, is not enough to preserve Mr. Kamara's claim. If Mr. Kamara attempted to rescind the mortgage within three days of its October 16, 1998, execution date, he would have attempted to rescind no later than October 19, 1998. Thus, the statute of limitation for Mr. Kamara's rescission claim is October 19, 1999. Mr. Kamara filed this lawsuit on June 29, 2004, well after the statute had run. Accordingly, the Court will dismiss Count XXIV for failure to state a claim pursuant to Rule 12(b)(6).

### CONCLUSION

*3 For the reasons discussed, the Court will grant the Motion To Dismiss (D.I.16) filed by Defendant Michael Funding, Inc. with regard to Counts I through XIV, Counts XVI through XVIII, Count XX, and Counts XXIV through XXVI in the Complaint (D.I.1).

> FN1. Specifically, Mr. Kamara alleges that Michael Funding failed to disclose or provide: mortgage documents (Count I); disclosure requirements of § 1635 (Count II); statements pursuant to § 1639(a)(1) (Count III); disclosure requirements of § 1638(a)(2)(B), (a)(9), (a)(11), (a)(12) and 12 C.F.R. § 226.17 (Count IV); disclosure requirements of 12 C.F.R. § 226.17(a)(1) (Count V); disclosure requirements of 12 C.F.R. § 226.18 (Count VI); separate form

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                          Page 4
--- F.Supp.2d ----, 2005 WL 1812926
(Cite as: --- F.Supp.2d ----)

to cancel (Count VII); properly grouped interest disclosures (Count VIII); good faith estimate copy (Count IX); statement pursuant to 12 C.F.R. § 226.18(p) (Count X); notice of right to rescind (Count XI); disclosure requirements of TILA and 12 C.F.R. § 226 (Count XII); disclosure regarding balance calculations (Count XIII); charges other than finance charges (Count XIV); date by which new balance must be paid to avoid additional finance charges (Count XVI); signed copies of complete mortgage (Count XVII); required sentences signed by the debtor (Count XVIII); statement that settlement fees could not be financed (Count XX); conspicuous writings (Count XXV); proper acceleration notice (Count XXVI).

FN2. In his Complaint, Mr. Kamara identifies the two claims following Count XXII as Counts XIII and XIV. The Court construes the Complaint to mean Counts XXIII and XXIV. Similarly, Mr. Kamara identifies the claim following Count XXV as Count XVI. The Court construes this claim as Count XXVI.

D.Del.,2005.
Kamara v. Michael Funding, LLC
--- F.Supp.2d ----, 2005 WL 1812926

Briefs and Other Related Documents (Back to top)

• 1:04CV00705 (Docket) (Jun. 29, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.