IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BLUE HEN HOTEL, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.05-221-JJF |
| CHARLES P. ARENA, | : | |
| Defendant. | : | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL, AND DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant, Charles P. Arena ("Arena"), through undersigned counsel, hereby opposes the Motion to Compel Defendant's Responses to Discovery Requests filed by Plaintiff, Blue Hen Hotel, LLC ("Blue Hen"), and moves, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to stay discovery pending the Court's ruling on Arena's motion to dismiss certain counts of the Complaint. In support of his opposition and his motion, Arena states as follows:

1. On April 15, 2005, Blue Hen filed a three count Complaint against Arena, alleging he is personally liable for failing to pay subcontractors amounts paid by Blue Hen to Arena's now bankrupt construction company, which was the general contractor for the construction of a hotel at the University of Delaware. The Complaint alleges Arena violated Delaware's Prompt Payment Act (Count I), Delaware's Consumer Fraud Act (Count II), and engaged in fraudulent conveyances (Count III).

2. On September 2, 2005, Arena moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to partially dismiss Count I of the Complaint, and to dismiss Count II in its entirety, for failure to state a claim upon which relief may be granted. The parties are in agreement that there are no factual disputes germane to

Arena's motion to dismiss. The motion to partially dismiss Count I hinges on interpretation of the Prompt Payment Act. The motion to dismiss Count II also requires the Court to consider three purely legal arguments, namely, (i) that its previous decision in *Pinkert v. Olivieri*, C.A. No. 99-380-SLR, 2001 WL 641737 (D. Del. May 24, 2001), holding that a consumer fraud action cannot be maintained for breach of an obligation arising from a contractual relationship, applies in this case, (ii) that the economic loss doctrine bars Blue Hen's consumer fraud action, and (iii) that no alleged fraud occurred in connection with the "sale" of merchandise as required under the Consumer Fraud Act.

3.  Pursuant to Court Rule, Arena's motion to dismiss was filed in lieu of an Answer to the Complaint. To date no Answer has been filed.

4.  Rule 12(a)(4) of the Federal Rules of Civil Procedure enlarges the period for filing an Answer to the Complaint until ten days after the Court has ruled on a Rule 12(b) motion. Rule 12(a)(4) applies in the context of a motion to dismiss some but not all counts of a multi-count Complaint. *E.g., Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434, F.Supp.2d 598, 639 (N.D.Iowa 2006); *Brocksopp Engineering, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 487 (E.D.Wis. 1991). *See* 5B C. Wright and A. Miller, *Federal Practice and Procedure* §1346 at p. 46 (2004).

5.  In *Brocksopp* the court noted that requiring a defendant to answer some counts of a multi-count Complaint pending resolution of a partial motion to dismiss is undesirable because it would "require[] duplicative sets of pleadings in the event that the 12(b) motion is denied and cause[] confusion over the proper scope of discovery during the motion's pendency." *Brocksopp*, 136 F.R.D. at 486-87. The district court in *Ideal Instruments* agreed that it is more efficient for the parties and the court to stall

proceedings on all counts of the Complaint until after the court rules on a partial motion to dismiss, stating:

> In multi-claim litigation in which a party mounts a Rule 12(b) challenge to only some of the claims against it, it makes no sense to impose upon the parties some kind of "dual-track" litigation involving an answer and further proceedings on some claims, while other claims are subject to review on the motion to dismiss. The inefficiencies for both the parties and the court as well as the potential for confusion and unnecessary procedural convolutions posed by such "dual-track" litigation are obvious.

*Ideal Instruments*, 434 F.Supp.2d at 639.

6. Entry of an order staying discovery pending determination of a motion to dismiss motions is an appropriate exercise of the court's discretion. *Williams v. Scottrade, Inc*, 2006 WL 1722224 (E.D. Mich.) (Slip Copy), Copy attached. (See also *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.C.2001). The rationale given by the court in *Williams* was as follows:

> [Defendant's] motion to dismiss, if granted, will render Plaintiff's discovery requests moot. Even if the Court does not dismiss Plaintiff's claims entirely, a resolution of the motion may narrow the causes of action and relevant issues in this lawsuit. Id.

7. Consistent with this reasoning, Arena should not be compelled to respond to discovery requests or give deposition testimony until the Court determines whether he is even subject to liability on the grounds alleged in Counts I and II of the Complaint. Neither party should be forced to incur the time and expense related to discovery on theories of liability which the Court may rule are not viable. The procedural protection afforded to defendants under Rule 12(b)(6), which contemplates a preliminary determination as to whether a plaintiff has alleged a basis for imposing liability on a defendant, would be eviscerated if a defendant was required to engage in discovery during the pendency of such a motion.

8.      Furthermore, if the Court were to permit discovery now on the allegations of the Complaint that are not subject to the motion to dismiss, there would inevitably be disputes over the proper scope of discovery, as the *Brocksopp* court noted. If the Court ultimately denied the motion to dismiss, some witnesses might be required to give deposition testimony twice, which would result in unnecessary expense and inconvenience for the parties, witnesses, and their counsel. As the Court in *Ideal Instruments* observed, allowing discovery to proceed on the counts of the Complaint that Arena has not moved to dismiss would result in "obvious" inefficiencies for both the parties and the court.

9.      As Arena does not oppose entry of a revised scheduling order after the Court rules on his motion to dismiss, Blue Hen will suffer no prejudice if discovery is stayed until the Court issues its ruling. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Arena moves for a protective order to stay discovery until such time as the Court rules on Arena's motion to dismiss.

WHEREFORE, for the foregoing reasons, Defendant, Charles P. Arena, respectfully requests that the Court enter an order denying Plaintiff's Motion to Compel and granting Defendant's Motion for a Protective Order. A form of order is attached hereto.

BIFFERATO, GENTILOTTI, BIDEN & BALICK LLC

_____
Adam Balick (DE 2718)
Joanne Ceballos (DE 2854)
711 King Street
Wilmington DE 19801
(302) 429-1900
Attorneys for Defendant
Charles P. Arena

Dated: September 11, 2006

4