# EXHIBIT A

Slip Copy
Slip Copy, 2006 WL 1722224 (E.D.Mich.)
(Cite as: Slip Copy)

Page 1

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,E.D. Michigan,Southern Division.
Michael WILLIAMS, individually and on behalf of all persons similarly situated, Plaintiff,
v.
SCOTTRADE, INC., Defendant.
No. 06-10677.

June 19, 2006.

Michael P. Marsalese, Marsalese Law Group, Southfield, MI, for Plaintiff.
Lisa A. Brown, Thomas M. Schehr, Dykema Gossett, Detroit, MI, for Defendant.

PRESENT: The Honorable PATRICK J. DUGGAN, U.S. District Court Judge.

*OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR STAY OF DISCOVERY*
PATRICK J. DUGGAN, District Judge.
*1 This action arises out of Defendant Scottrade, Inc.'s online stock trading platform, ScottradeELITE® . On January 26, 2006, Plaintiff filed this putative class action lawsuit in the Circuit Court for the County of Macomb, State of Michigan. Scottrade removed the complaint to federal court on February 16, 2006, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § § 1332(d) and 1453. In his complaint, Plaintiff claims that an alleged malfunction in ScottradeELITE resulted in inaccurate average price per share information being conveyed to its customers between September 1, 2004 through January 1, 2005. Plaintiff claims that, as a result, ScottradeELITE customers suffered monetary losses. According to Plaintiff, this malfunction contradicted representations Scottrade made about ScottradeELITE in its advertising and marketing efforts and constituted a breach of Scottrade's contract with its ScottradeELITE customers. Plaintiff alleges the following state-law claims in his complaint:
(I) breach of contract;
(II) unfair and deceptive trade practices in violation of Michigan's Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901 et seq.;
(III) negligence;
(IV) common law fraud;
(V) breach of fiduciary duty;
(VI) respondeat superior;
(VII) breach of the National Association of Securities Dealers' supervisory rules;
(VIII) negligent supervision;
(IX) negligent misrepresentation;
(X) promissory estoppel;
(XI) rescission pursuant to Mich. Comp. Laws Ann. § 451.810;
(XII) securities fraud in violation of Mich. Comp. Laws Ann. § 451.501;
(XIII) unjust enrichment; and
(XIV) quantum meruit;

On March 16, 2006, Plaintiff served its First Set of Interrogatories on Scottrade. The following day, Scottrade filed a motion pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure seeking **dismissal** of Plaintiff's claims. That motion now has been fully briefed and is scheduled for hearing on July 13, 2006. Presently before the Court is Scottrade's motion seeking a **stay** of **discovery** pending a resolution of its motion to dismiss, filed April 24, 2005.[FN1] On June 16, the Court notified the parties that it is dispensing with oral argument with respect to Scottrade's motion to **stay discovery**, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

> FN1. On March 24, 2006, Plaintiff filed a motion for class certification which this Court already stayed pending a resolution of Scottrade's motion to dismiss. *See* 4/5/06 Order Granting Motion for Stay of Class Certification.

This Court has the discretion to stay discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure pending a resolution of a motion to dismiss. *Nichols v. Baptist Mem'l Hosp.,* No. 02-2561, 2004 WL 2905406, at *2 (W.D. Tenn. April 2, 2004)(unpublished opinion)(cases cited therein). As the cases cited by Scottrade provide, " '[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion.' " *Id.* (quoting *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.C.2001). The district court in *Nichols* suggested, however, that trial courts should not stay

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00221-MPT   Document 28-3   Filed 09/11/2006   Page 3 of 3

Slip Copy
Slip Copy, 2006 WL 1722224 (E.D.Mich.)
(Cite as: Slip Copy)

Page 2

discovery which is necessary to gather facts in order to defend against a motion to dismiss or when the party seeking discovery will be prejudiced by the delay. *Id.* (citations omitted). Finding none of these concerns applicable in the present case, the Court concludes that Scottrade's motion should be granted.

*2 Scottrade's motion to dismiss, if granted, will render Plaintiff's discovery requests moot. Even if the Court does not dismiss Plaintiff's claims entirely, a resolution of the motion may narrow the causes of action and relevant issues in this lawsuit. While Plaintiff now claims that he needs discovery to respond to the motion to dismiss and to draft an amended complaint if Scottrade prevails in its argument that his fraud claims are not adequately pled, Plaintiff did not make the same arguments in response to Scottrade's motion to dismiss and in fact filed a lengthy response to the motion. Additionally, while Plaintiff argues that the materials sought in his discovery requests are materials in Scottrade's possession, the type of discovery sought-*see* Pl.'s Resp. at 11 and Ex. 1-may not necessarily be readily at hand. In any event, to some degree, Scottrade will need to expend time and resources to respond to Plaintiff's discovery requests. Finally, the Court notes that the delay in discovery will not be long as Scottrade's motion to dismiss is scheduled for hearing shortly.

For the above reasons, the Court concludes that discovery should be stayed pending a resolution of Scottrade's motion to dismiss. Accordingly,

**IT IS ORDERED,** that Scottrade's motion for stay of discovery is **GRANTED.**

E.D.Mich.,2006.
Williams v. Scottrade, Inc.
Slip Copy, 2006 WL 1722224 (E.D.Mich.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1735755 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendant Scottrade Inc.'s Motion for Stay of Discovery (May 3, 2006) Original Image of this Document (PDF)
• 2006 WL 1332707 (Trial Motion, Memorandum and Affidavit) Defendant Scottrade, Inc.'s Reply Memorandum in Further Support of its Motion to Dismiss (Apr. 14, 2006) Original Image of this Document (PDF)
• 2006 WL 1521149 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendant Scottrade Inc.'s Motion to Dismiss (Apr. 7, 2006) Original Image of this Document (PDF)
• 2006 WL 1036706 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Plaintiff's Motion for Certification of Class Action and Birfurcation of Liability and Damages Trials (Mar. 24, 2006) Original Image of this Document (PDF)
• 2006 WL 1036705 (Trial Motion, Memorandum and Affidavit) Defendant Scottrade, Inc.s' Memorandum of Law in Support of Motion to Dismiss (Mar. 17, 2006) Original Image of this Document (PDF)
• 2:06cv10677 (Docket) (Feb. 16, 2006)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.