## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BLUE HEN HOTEL, LLC,            ) <br> ) <br> Plaintiff,            ) <br> ) <br> v.            ) <br> ) <br> CHARLES P. ARENA,            ) <br> ) <br> Defendant.            ) | CIVIL ACTION NO. 05-CV-00221 (KAJ) <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF, BLUE HEN HOTEL, LLC'S, RESPONSE TO DEFENDANT ARENA'S MOTION TO STAY DISCOVERY

Pursuant to FRCP Rules 33(b)(4) and 37(d), plaintiff, Blue Hen Hotel, LLC ("BHH") through its counsel, hereby responds to defendant Charles P. Arena's Motion to Stay Discovery as follows:

1. On or about August 29, 2006, the undersigned counsel for BBH filed and served a Motion to Compel Discovery, which is incorporated herein by reference. (D.I. #26).

2. On or about September 11, 2006 defendant Arena filed an Opposition to Plaintiff's Motion to Compel and Defendant's Motion to Stay Discovery. (D.I. #28).

3. As previously stated in paragraph #3 of BBH's Motion to Compel, defendant did make certain documents available to plaintiff that were responsive to Requests for Production #7 - #9 as to documents relating to the construction project out of which the instant dispute arises. However, defendant did not produce documents responsive to any other Request for Production. Furthermore, defendant did not timely answer or object to plaintiff's Requests for Production of Documents.

4.      As previously stated in paragraph #4 of BBH's Motion to Compel, Defendant has failed to timely answer or object to the plaintiff's Interrogatories.

5.      As previously stated in paragraph #5 of BBH's Motion to Compel, defendant Charles P. Arena has refused to make himself available for deposition.

6.      Defendant Arena now seeks a protective order staying discovery. To successfully move for a protective order under FRCP Rule. 26(c), the moving party "must show good cause by demonstrating a particular need for protection." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), *aff'd*, 822 F.2d 335 (3d Cir. 1987), (*cert. denied*, 484 U.S. 976 (1987)).

7.      "The party seeking the protective order bears the burden of persuasion." *Gurnicz v. Guindon*, 1991 WL 21606 pg. 2, (E.D. Pa. 1991) (Attached); *Nestle Foods Corp. v. Aetna Cas. and Sur. Co.*, 129 F.R.D. 483 (D. N.J. 1990), (*citing Cipollone v. Liggett Group, Inc.*, 785 F.2d at 1121).

8.      Defendant Arena attempts to carry his burden of persuasion by contending that it would be judicially inefficient, and he will be forced to incur unnecessary expense, if discovery is permitted to proceed while Arena's Rule 12(b)(6) Motion to Dismiss is pending.

9.      Defendant Arena has failed to carry his burden of persuasion. Defendant Arena completely ignores the practical limitations placed upon the Court due to its heavy caseload, as the this Court discussed with counsel during a case status teleconference on August 21, 2006. Specifically, it is not viable for discovery to be stayed while defendant's Motion to Dismiss is pending because the Court will probably not have the opportunity to consider the motion until shortly before trial.

10. Regardless of whether a movant can show good cause for the entry of a Rule 26(c) protective order, the motion should be denied as untimely when it is filed after the date to respond/object to outstanding discovery has past. FRCP Rules 33(b)(4) and 37(d); *Nestle Foods Corp. v. Aetna Cas. and Sur. Co.*, 129 F.R.D. at 487 (*citing United States v. Panhandle Eastern Corp.,* 118 F.R.D. 346, 350, 351 (D.Del. 1988)).

11. Defendant Arena failed to timely object to BBH's discovery requests and has thereby waived his right to seek a protective order from this Court. A party's stated refusal to respond to discovery, on whatever grounds, is not the equivalent of a formal and timely discovery objection which is a prerequisite to a successful motion for a protective order. *E. Venable, v. Equifax Credit Information Services*, 1994 WL 268264, pg. 2 (E.D. Pa. 1994). (Attached).

**WHEREFORE**, plaintiff, Blue Hen Hotel, LLC respectfully requests that this Court enter an Order granting plaintiff's Motion to Compel, denying defendant's Motion to Stay Discovery, and awarding plaintiff attorneys fees, costs, as well as such other relief this Court deems necessary and just.

**WHITE AND WILLIAMS LLP**

By: /s/ James S. Yoder
James S. Yoder (#2643)
824 North Market Street, Suite 902
P. O. Box 709
Wilmington, DE 19899-0709
(302) 467-4524
(302) 467-4554 (facsimile)
yoderj@whiteandwilliams.com
***Attorney for Plaintiff,
Blue Hen Hotel, LLC***

Dated: September 19, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| _____ ) | |
| ) | |
| BLUE HEN HOTEL, LLC, ) | |
| ) | CIVIL ACTION NO.  05-CV-00221 (KAJ) |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CHARLES P. ARENA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **ORDER**

Having considered plaintiff, Blue Hen Hotel, LLC's, Motion to Compel and the response,

**IT IS HEREBY ORDERED** on this ____ day of _____, 2006, that plaintiff, Blue Hen Hotel, LLC's Motion to Compel is **GRANTED.**

**1.** Defendant is hereby ordered to submit answers to Plaintiff's Interrogatories and Requests for Production within __ days of the date of this Order or risk further sanctions by the Court.

**2.** Defendant is hereby ordered to make himself available for deposition at the Wilmington DE offices of counsel for plaintiff within __ days of the date of this Order or risk further sanctions by the Court.

**3.** Defendant's Motion to Stay Discovery is **DENIED**.

**IT IS SO ORDERED.**

_____
JUDGE

DOCS_DE 130943v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| BLUE HEN HOTEL, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.  05-CV-00221 (KAJ) |
| Plaintiff, | | |
| | | JURY TRIAL DEMANDED |
| v. | | |
| CHARLES P. ARENA, | | |
| Defendant. | | |

**CERTIFICATE OF SERVICE**

I, James S. Yoder, Esquire, do hereby certify that on this 19th day of September, 2006, two (2) copies of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT ARENA'S MOTION TO STAY DISCOVERY** were delivered by U.S. mail to the following party:

Joanne Ceballos, Esquire
Bifferato, Gentilotti, Biden & Balick, P.A.
1308 Delaware Avenue
P.O. Box 2165
Wilmington , DE 19899-2165

**WHITE AND WILLIAMS LLP**

By: /s/  James S. Yoder
    James S. Yoder (#2643)
    824 North Market Street, Suite 902
    P. O. Box 709
    Wilmington, DE  19899-0709
    (302) 467-4524
    (302) 467-4554 (facsimile)
    yoderj@whiteandwilliams.com
    ***Attorney for Plaintiff,***
    ***Blue Hen Hotel, LLC***

DOCS_DE 130943v.1