

Not Reported in F.Supp.  
Not Reported in F.Supp., 1991 WL 21606 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Michael GURNICZ
v.
Marc GUINDON, et al.
**Civ. A. No. 90-3796.**

Feb. 15, 1991.

Jeremy T. Ross, Philadelphia, Pa., for plaintiff.
William H. Shawn, Shawn, Berger & Mann, Washington, D.C., for defendants.

*MEMORANDUM AND ORDER*

HUTTON, District Judge.

**\*1** Presently before the Court are defendants Marc Guindon ("Guindon"), Locations Treco (1981) Ltee ("Treco") and Placements CMI Inc.'s ("CMI") (collectively referred to as the "defendants") Renewed Motion For **Protective Order** Staying Discovery Under Fed.R.Civ.P. 26(c), and plaintiff Michael Gurnicz's ("Gurnicz") response and Cross-Motion to Compel Under Fed.R.Civ.P. 37(a). For the following reasons, defendants' Motion is DENIED in part and GRANTED in part, and plaintiff's Motion is GRANTED in part and DENIED in part.

I. *BACKGROUND*

Gurnicz commenced this action against the defendants Marc Guindon ("Guindon"), Marcel Dutil ("Dutil"), Treco and CMI Inc. (Treco and CMI are sometimes collectively referred to as the "corporate defendants"). Four counts are set forth in the complaint: Count I seeks damages under the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961(c) and (d); Count II claims RICO violations, 18 U.S.C. § 1961(a) and (d); and Counts III and IV allege common law conversion and fraud respectively. Jurisdiction is predicated upon 28 U.S.C. § § 1331 and 1332 as well as 18 U.S.C. § 1964(c).

Guindon and Dutil filed a motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e). The corporate defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(3) (improper venue), 12(b)(6) (insufficiency of RICO counts) and 12(b)(1) (lack of subject matter jurisdiction over state claims). By Order dated January 2, 1991, this Court denied the Rule 12(e) motion. By Order dated January 3, 1991, this Court dismissed the RICO claims against the corporate defendants.

On July 26, 1990, Gurnicz served interrogatories and production request on each defendant. Thirty-two days after the discovery request were served, all defendant's moved for a **protective order** staying all discovery pending resolution of the then outstanding Rule 12(e) and 12(b)(6) motions. On September 11, 1990, Gurnicz filed his opposition to the **protective order** motion. By Order entered January 22, 1991, this Court denied the motion as moot.

By motions filed January 18, 1991, the defendants have moved under Fed.R.Civ.P. 12(b)(6) to dismiss the complaint in its entirety. The corporate defendants seek dismissal of the remaining state law fraud and conversion claims. Guindon and Dutil challenge the RICO claims for the same reasons those claim were dismissed against the corporate defendants. Guindon and Dutil have contested the state law claims for the identical reasons asserted by the corporate defendants. The instant motion for a Rule 12(c) **protective order** was filed on January 23, 1991. Once again, the motion seeks an order staying all discovery in the action pending the resolution of the purportedly dispositive 12(b) motions. In response, Gurnicz has cross-moved pursuant to Fed.R.Civ.P. 37(a) to compel defendants to respond to discovery requests served on July 26, 1990 in that no timely objection was filed.

II. *DISCUSSION*

A. *Motion for* **Protective Order**

**\*2** Federal Rules of Civil Procedure 26(c) provides, in pertinent part, "[u]pon motion by a party or a person from whom discovery is sought and for good cause shown, the court in which the action is pending ... make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1991 WL 21606 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.)**

Page 2

one or more of the following:

(1) that discovery not be had; (2) that the discovery may be had only on the specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters ...

Fed.R.Civ.P. 26(c). Rule 26(c) was adopted to safeguard litigants from the abuses that may arise as a result of the liberal discovery rules. *See* 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2036 at 267 (1970). The decision to deny or grant a **protective order** pursuant to Rule 26(c) is committed to the discretion of the trial court. *Rodgers v. United States Steel Corp.,* 536 F.2d 1001, 1006 n. 12 (3d Where a movant can show good cause for the entry of a Rule 26(c) **protective order**, the motion should be denied as **untimely** where it is filed after the date to respond to outstanding discovery has past. *Nestle* In the instant case, the discovery has been outstanding for over five months and, while defendants did file a **protective order** on August 28, 1990, that filing was **untimely**. *See* Fed.R.Civ.P. 33(a) (a party upon whom interrogatories have been served must serve a copy of the answers and objections, if any, within thirty (30) days after service thereof); Rule 34(b) (a party upon whom production requests have been served must serve responses or objections, if any, within thirty (30) days after service thereof). Other than the instant **protective order** motion and the motion filed on August 28, 1990, the defendants have not filed any objections to the July 26, 1990 discovery and thus have waived their right to do so. *Usery v. Chef Italia,* 540 F.Supp. 587, 592 n. 13 (E.D.Pa.1982) (citations omitted).

*\*3* Since defendant's motion for a **protective order** is **untimely**, it is denied but only in part. This Court previously dismissed the RICO claims asserted against the corporate defendants and, therefore, discovery of facts relevant to these claims is irrelevant. Accordingly, defendants' motion for a **protective order** is granted as to all discovery pertaining to the corporate defendants on the RICO claims.

B. *Motion to Compel*

Pursuant to **Rule 37**(a), Gurnicz has cross-moved to compel a response to the interrogatories and Cir.1976); *Essex Wire Corp. v. Eastern Electr. Sales Co.,* 48 F.R.D. 308, 310 (1969). "The party seeking the **protective order** bears the burden of persuasion." *Nestle Foods Corp. v. Aetna Cas. and Sur. Co.,* 129 F.R.D. 483 (D.N.J.1990) (citing *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108 (3d Cir.1986), *cert. denied,* 484 U.S. 976 (1987)).

The defendants direct this Court to, *inter alia, Jarvis v. Regan,* 833 F.2d 149 (9th Cir.1987). In *Jarvis,* the court held that a trial court failed to abuse its discretion in staying discovery pending resolution of a motion seeking dismissal of RICO claims where discovery was unnecessary to address the issues raised in the motion. 833 F.2d at 155. *Jarvis,* however, is of limited applicability here because there was no issue in that case as to the timeliness of the motion which sought to stay discovery.

*Foods Corp. v. Aetna Cas. and Sur. Co.,* 129 F.R.D. at 487 (citing *United States v. Panhandle Eastern Corp.,* 118 F.R.D. 346, 350, 351 (D.Del.1988)).

production requests served upon the defendants July 26, 1990. **Rule 37** provides that a party may move to compel discovery where a party has failed to respond to interrogatories under **Rule 33** or requests for production under **Rule** 34. Fed.R.Civ.P. 37(a)(2). Based upon this Court's ruling with respect to defendants' **protective order** motion, Gurnicz's motion to compel is granted except as to RICO related discovery directed to the corporate defendants.

Gurnicz also seeks the expenses of his motion under Fed.R.Civ. 37(a)(4). **Rule 37**(a)(4) provides:

If the [motion to compel] is granted, the court shall, after opportunity for hearing, require the party or deponent who necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a). The Court will grant leave to Gurnicz to file an affidavit setting forth expenses incurred in connection with the cross-motion to compel. Although no response has been filed to Gurnicz's cross-motion or his request for expenses,[FN1] this Court will grant defendants ten (10) days from receipt of the affidavit to file a response.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1991 WL 21606 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.)**

Page 2

An appropriate Order follows.

*ORDER*

AND NOW, this 15th day of February, 1991, upon consideration of defendants Marc Guindon ("Guindon"), Locations Treco (1981) Ltee ("Treco") and Placements CMI Inc.'s ("CMI") (collectively referred to as the "defendants") Renewed Motion For **Protective Order** Staying Discovery Under Fed.R.Civ.P. 26(c), and plaintiff Micheal Gurnicz's ("Gurnicz") response and Cross-Motion to Compel Under Fed.R.Civ.P. 37(a), IT IS HEREBY ORDERED that Defendants' Motion is DENIED in part and GRANTED in part, and Plaintiff's Motion is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that:

(1) Defendants' Motion for a **Protective Order** is DENIED except as to discovery pertaining to the RICO claims asserted against the defendants Treco and CMI;

(2) Plaintiff's Cross-Motion to Compel is GRANTED except as to discovery pertaining to the RICO claims asserted against the defendants Treco and CMI; and

(3) Plaintiff's submit an affidavit of fees incurred in connection with filing the Cross-Motion within ten (10) days from the entry of this Order. Defendants are directed to respond within ten (10) days of the filing date of the affidavit.

> FN1. Pursuant to the Local Rules for Civil Procedure for the Eastern District of Pennsylvania Rule 20(c) defendants were required to respond to Gurnicz's cross-motion to compel within ten days after service of the motion. In the absence of a timely response, the motion may be deemed uncontested.

E.D.Pa.,1991.  
Gurnicz v. Guindon  
Not Reported in F.Supp., 1991 WL 21606 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:90cv03796 (Docket) (Jun. 04, 1990)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.