Westlaw

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1994 WL 268264 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

H
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Sheila E. VENABLE, Plaintiff,
v.
EQUIFAX CREDIT INFORMATION SERVICES et al., Defendants.
**Civ. No. 92-0477.**

June 13, 1994.

Sheila E. Venable, pro se.
Robert J. Martin, George J. Lavin, Jr., Associates, Philadelphia, PA, for defendant TRW Credit Data.
Robin L. Thornburg, Clark, Ladner, Fortenbaugh & Young, Donald J. Matthews, Jr., James W. Christie, Mary Ellen Nepps, Christie, Pabarue, Mortensen and Young, Philadelphia, PA, for defendant Equifax Credit Information Services.
Mark E. Kogan, Bruce S. Luckman, Marion, Satzberg, Trichon & Kogan, P.C., Philadelphia, PA, for respondent Trans Union Corp.

*MEMORANDUM/ORDER*
POLLAK, District Judge.
**\*1** Plaintiff Sheila E. Venable claims that defendants TRW Credit Data ("TRW"), Equifax Credit Information Services ("Equifax") and Trans Union Corporation ("TU") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* and defamed her by publishing false credit information. Currently before me are plaintiff's Rule 26 Motion for a **Protective Order**, Defendant Equifax's Motion for Sanctions, defendant TU's Motion for Sanctions, and defendant TRW's Motion to Compel and for Sanctions. Before addressing the merits of the pending motions, I think it helpful to put them in context.

*Background:* Plaintiff filed her complaint on January 24, 1992. Shortly thereafter, she moved for summary judgment. On July 28, 1992, defendant Equifax served interrogatories and a request for production of documents on plaintiff. Defendant TRW served its discovery requests on September 9, 1992. Plaintiff informed TRW's counsel that she did not believe she needed to comply with discovery pending resolution of her outstanding motion for summary judgment. On September 30, 1992, I denied plaintiff's summary judgment motion.

Plaintiff never responded or objected to any defendant's discovery requests, but instead filed motions for a **protective order** and for reconsideration of her summary judgment motion. On December 18, 1992, plaintiff's motion for reconsideration was denied, mooting her motion for a **protective order** pending reconsideration. In the interim, on November 2, 1992, TRW filed an unopposed motion to compel discovery. I granted TRW's motion to compel on April 9, 1993. Plaintiff ignored the order and never responded to TRW's discovery requests.

On June 2, 1993, defendant Equifax filed a motion to compel discovery, having received nothing from plaintiff since it served its requests on July 28, 1992. Plaintiff filed a variety of meritless motions for stays and sanctions against defendants, but never formally objected to any of defendants' discovery requests. On December 2, 1993, I granted Equifax's unopposed motion to compel, and ordered plaintiff to provide complete responses to interrogatories and discovery requests within 14 days of that order. Plaintiff again failed to comply with this court's order.

On January 14, 1994, defendant Equifax moved for sanctions against plaintiff for noncompliance with the December 2, 1993, order compelling discovery. On February 23, 1994, defendant TU filed a motion to compel responses to its discovery requests. TU had served plaintiff with its requests on May 11, 1993, and had reminded plaintiff of its requests by letter in August and September of 1993. Plaintiff never objected to TU's requests or responded to TU's motion to compel.

On March 31, 1994, I issued an order granting TU's motion to compel and granting in part Equifax's motion for sanctions. I made clear in that order that under Fed.R.Civ.P. 37(b), this court may impose sanctions against a party that fails to obey a discovery order. The possible sanctions include dismissal of the case and assessment of attorney's fees. **Rule 37(b)(2)(C), (E).** I declined to dismiss plaintiff's case at that time, but made the following statement:
**\*2** Given plaintiff's lack of cooperation with defendants' reasonable discovery efforts, and her failure even to respond to defendants' motions to compel or motions for sanctions, it is clear that the time has come for plaintiff either to respond to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1994 WL 268264 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

defendants' interrogatories and document requests or to have her case dismissed. In the interest of providing fair warning, I decline to dismiss the case at this time, and I will extend one *final* deadline to plaintiff for responses to the discovery requests served by Equifax and TU. If Ms. Venable fails to comply with this order then, upon appropriate motion, this court will order dismissal under **Rule 37**(b).

March 31, 1994, Order.

On April 1, 1994, plaintiff filed a "notice of compliance with discovery." Plaintiff also filed a motion for a **protective order** pursuant to Fed.R.Civ.P. 26. On April 26, 1994, defendant TRW filed a motion to compel and for sanctions. Defendants Equifax and TU filed motions for sanctions on April 29, 1994 and May 5, 1994, respectively. I will address the above motions in order.

*Plaintiff's motion for a **protective order**:* Plaintiff argues that each defendant's interrogatories and requests for document production violate the amended Fed.R.Civ.P. 33(a) by exceeding the maximum number of inquiries (25) allowed by the rule. Plaintiff's motion is meritless for three reasons.

First, a standing order of the United States District Court for the Eastern District of Pennsylvania states that the limit imposed by Rule 33(a) does not apply in this district. Whether to impose the limit of 25 interrogatories in a particular case is within the discretion of individual judges in this district. *McMenamin v. M & P Trucking et al., 1994 WL 124846, 1994 U.S.Dist. Lexis 4595 (E.D.Pa. April 7, 1994).*

Second, even if Rule 33(a) did apply in this district, it would not apply to defendants' discovery requests. The amendment limiting parties to 25 interrogatories did not take effect until December, 1993. Equifax served its discovery requests in July, 1992, TRW served its requests in September, 1992, and TU served its requests in May, 1993. Accordingly, those requests were not subject to the limit of the amended rule.

Finally, if plaintiff wanted to object to any aspect of any defendant's discovery requests, the time for doing so is long past. Under Fed.R.Civ.P. 33(b)(3), objections must be filed within 30 days after service of the discovery request. Plaintiff argues in her response to Equifax's Motion for Sanctions that she

"has objected to discovery in motion after motion after motion." Contrary to plaintiff's claim, this court has never received a motion raising specific objections to defendants' discovery requests. Plaintiff has certainly *refused* defendants' requests, but she has not formally objected to them.

For the foregoing reasons, plaintiff's motion for a **protective order** will be denied.

*Defendants' motions for sanctions:*

Defendants TRW, Equifax and TU move this court once again to sanction plaintiff for refusal to comply with their discovery requests. TRW moves in addition for an order compelling discovery. I will begin by addressing the motions by TU and Equifax.

**\*3** *Motions by TU and Equifax for Sanctions:* On March 31, 1994, I ordered plaintiff to provide full and complete discovery responses to defendants Equifax and TU. On April 1, 1994, plaintiff submitted responses to defendants allegedly to "demonstrate good faith" [FN1], despite her view that she was entitled to a **protective order** (see above) from defendants' discovery. TU and Equifax argue that plaintiff's responses are grossly inadequate, and amount to a failure to comply with this court's order. Equifax notified plaintiff by letter dated April 8, 1994, that the responses were insufficient. Plaintiff has not seen fit to supplement her submissions. Equifax and TU accordingly move for dismissal of plaintiff's claims with prejudice and for attorney's fees pursuant to Fed.R.Civ.P. 37(b). For the reasons discussed below, the motions of TU and Equifax will be granted.

TU served 44 interrogatories on plaintiff. A review of plaintiff's answers reveals that she responded by writing "see complaint" 11 times, left requested answers completely blank 10 times, answered "irrelevant" 6 times, answered "no" 6 times (which made 6 follow-up questions inapplicable), answered "yes" once (but not providing requested follow-up information), and claimed not to understand 1 question. As to the remaining three interrogatories, plaintiff said she did not yet know what witnesses she intended to call, gave her employment history for the last 5 years as "self employed", and gave her educational history.

A review of plaintiff's responses shows that they fail to meet the standards set forth in Fed.R.Civ.P. 33.[FN2] At least 27 answers amount to no response at all. As

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                             Page 3
Not Reported in F.Supp., 1994 WL 268264 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

it turns out, the inadequate responses were to interrogatories that went to the heart of TU's liability defense. For example, plaintiff answered "see complaint" to interrogatories 1-6 and 35-36, which address her credit history. The complaint does not contain most of the requested information. Plaintiff also answered "see complaint" or provided no answer at all to interrogatories 10, 11, 13, 25 and 28, seeking documentation or specific factual allegations of TU's violations of the Act. Plaintiff's "see complaint" responses are wholly inadequate. Not only does the complaint not address most of the interrogatories to which that answer was given, but as a matter of law such cross-referencing is impermissible. *Dipietro v. Jefferson Bank,* 144 F.R.D. 279 (E.D.Pa.1992); *Stabilus v. Haynsworth, Baldwin & Greaves,* 144 F.R.D. 258 (E.D.Pa.1992).

TU also served 8 document requests on plaintiff. No adequate response was made to any applicable request. In 4 cases plaintiff referred to the credit report, even though something quite different was requested. In one case plaintiff responded "irrelevant", in two cases no answer was provided, and in one case the request appears inapplicable. No documents were delivered to TU. Plaintiff has utterly failed to provide complete responses to TU's document requests as ordered by this court.

**\*4** Plaintiff has similarly violated this court's order to provide full and complete responses to Equifax's discovery requests. Equifax served 40 interrogatories on plaintiff, most of them containing multiple sub-parts. The same pattern appears in plaintiff's answers to Equifax as in her answers to TU. While questions about basic personal information like name, address and marital status were answered, responses to key questions do not appear. For example, in response to interrogatories 16-19, which address credit history, plaintiff responds "impossible and irrelevant", "answered in context of complaint", "overbroad, irrelevant", and nothing at all, respectively. To interrogatories 23-29, which request detailed descriptions of the facts underlying the complaint, plaintiff essentially refers Equifax to the complaint itself. To interrogatory 30, which asks for information about medical damages for emotional distress, plaintiff responds "irrelevant, Equifax's statements are libelous per se."

Plaintiff persists in arguing that she is entitled to prevail on her defamation claim under a libel per-se theory, and on her FCRA claims on a res ipsa loquitur theory. This contention is manifest in her discovery "responses" that by and large refuse to give the requested information or refer the questioner to her complaint.[FN3]

This court has ruled, however, that plaintiff cannot rest on her complaint and false credit report, and that facts well beyond what is contained in those documents will be material to this case. In my memorandum/order of September 30, 1992, I denied plaintiff's motion for summary judgment on grounds that material questions of fact exist with respect to defendant's liability under the Act. In that memorandum/order I stated that liability in this case depends in part on whether defendants had maintained "reasonable procedures" to assure accurate reporting (§ 1681e(a, b)), had investigated plaintiff's credit report within a "reasonable time" after plaintiff raised a dispute (§ 1681i(a)), and had made a "conspicuous" disclosure to plaintiff of her rights (§ 1681i(d)). I also stated that to prevail on her defamation claim, plaintiff must show that defendants acted with "malice or willful intent to injure," § 1681h(e), thereby ruling out plaintiff's liability per se theory. In addition, there are many factual inquiries relevant to actual damages suffered by plaintiff. Plaintiff-who is proceeding pro se but who is an attorney in private practice in Virginia-should thus be well aware that the bald conclusions and factual allegations in her complaint, supplemented merely by her credit report, are insufficient to allow defendants to prepare an adequate defense. For that reason, this court has repeatedly ordered plaintiff to respond to defendants' interrogatories and document requests.

In her response to Equifax's motion for sanctions, plaintiff claims that she "has complied with discovery" and "properly objected to certain questions on grounds that they are irrelevant, unduly burdensome, harassing, and overbroad." This is untrue even under the most charitable reading of Rule 33.[FN4] As the foregoing discussion of plaintiff's discovery responses shows, her submissions are grossly inadequate. Even if I were to take into account her **untimely**, impermissibly terse "objections" to certain questions, that would still leave a large number of relevant interrogatories to which plaintiff responded not at all or by mere reference to the complaint. Plaintiff also ignores the fact that she has yet to submit any documents requested by defendants, despite being ordered to do so by this court.

**\*5** Plaintiff has finally gone too far in ignoring this court's orders and rulings in this litigation. Plaintiff's responses to TU's and Equifax's discovery requests

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1994 WL 268264 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.)**

Page 4

are inadequate and amount to a continuing violation of this court's orders that full and complete responses be provided. I conclude that the motions for sanctions filed by Equifax and TU are meritorious.

*TRW's motion to compel and for sanctions:* Defendant TRW has filed a motion to compel responses to its interrogatories and document requests. This is TRW's second motion to compel, the first having been granted on April 9, 1993. That order gave plaintiff two weeks to respond completely to TRW's requests. On or about April 5, 1994, 19 months after discovery was served and one year after this court's order directing her to do so, plaintiff finally responded to TRW's interrogatories and document requests. Plaintiff served her responses just after filing her motion for a **protective order**, discussed above. She claims that her discovery responses "demonstrate good faith." TRW disagrees, and complains that plaintiff's responses are entirely insufficient, consisting often of one or two words, and generally refusing to set forth the requested information.

TRW submitted 26 interrogatories to plaintiff. Plaintiff adequately answered the first 3 interrogatories, stating that she alone had knowledge of the underlying events and that she alone prepared the complaint, and giving her full name and address. After that, however, virtually every one of plaintiff's responses is insufficient. Plaintiff's responses to TRW's document requests were even more evasive, with plaintiff making notations such as "impossible", "done" and "see credit report" after each of TRW's 38 requests.

TRW addresses each of plaintiff's responses in its motion, and explains why each is inadequate. I will not undertake to summarize defendant's arguments here, because it is patent from a reading of plaintiff's responses that she has utterly failed to make any good faith effort to comply with this court's long-standing order to respond. For example, plaintiff refused to give her employment history on grounds that it is "irrelevant." She likewise refused to provide information about her credit history, saying only that relevant creditors were listed in the complaint. In total, plaintiff responded to 16 of the interrogatories with "answered in the course of litigation" or by reference to the complaint. The complaint, credit, report, and other material already on record in this case do not contain the information TRW has requested and that this court has ordered plaintiff to produce. TRW has requested relevant interrogatory responses and documentation that plaintiff has almost entirely refused to provide.

As discussed above with regard to the motions by TU and Equifax, plaintiff cannot simply assert that her complaint, credit report, and any other scant documentation she has provided contain adequate information to discharge her discovery obligations. I again point out that plaintiff had an obligation to object to defendant's discovery requests within thirty days from when they were served on September 9, 1992. She never objected. Defendant cannot now file a set of one-word, evasive responses and purport to have complied with this court's order that she respond to TRW's discovery requests. TRW is therefore entitled to sanctions against plaintiff

*Sanctions*

**\*6** This court has afforded plaintiff every opportunity to maintain her action. For the third time, plaintiff has refused to comply with a discovery order by this court. It makes no difference that one of those orders addressed only TRW, that another addressed only Equifax, and that the third addressed only TU and Equifax. The continuing violation of any one of those orders is sanctionable. This court has repeatedly made clear to plaintiff that she had an obligation to respond to discovery not formally objected to. The March 31, 1994, memorandum/order, although ordering responses only to TU and Equifax, put plaintiff on notice that all discovery should be responded to if **Rule 37(b)** sanctions were to be avoided. Given that this court had ordered plaintiff to respond to TRW's discovery in April, 1993-an order that plaintiff violated-any relief granted to TU and Equifax as a result of plaintiff's violation of my March 31, 1994, order should also be granted to TRW.

Dismissal is a harsh sanction, and one I hesitate to resort to. There are cases, however, in which a plaintiff has behaved in a manner so grossly unfair to defendants and so blatantly defiant towards the court that dismissal is warranted. I conclude that this is such a case. I decline to issue yet another order compelling plaintiff to respond to defendants' discovery requests. In keeping with the conditions set forth in the March 31, 1994, memorandum/order, I will order plaintiff's actions dismissed as to all defendants.

I do not underestimate plaintiff's frustration over the events underlying her complaint. Indeed, she raises allegations of false credit reporting that are of

Not Reported in F.Supp. Page 5
Not Reported in F.Supp., 1994 WL 268264 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

concern to us all in an era when so much-loans, credit, employment, or reputation-may turn on personal information instantly retrievable from sources beyond a citizen's control or knowledge. Negligent or abusive handling of such information would be a serious concern; hence Congress's decision to pass the Fair Credit Reporting Act. Yet neither the seriousness of plaintiff's allegations nor the depth of her frustration frees plaintiff from the rules and orders of this court. Defendants may not have their ability to fashion a defense thwarted at every turn by plaintiff's obstructive behavior. This court will not tolerate repeated, outright violations of its unequivocal discovery orders.

For the foregoing reasons, it is hereby ORDERED that:

(1) plaintiff's Motion for a **Protective Order** (docket # 84) is DENIED;

(2) defendant TRW's Motion for Sanctions (docket # 88), defendant Equifax's Motion for Sanctions (docket # 90), and defendant TU's Motion for Sanctions (docket # 92) are GRANTED, and:
a) plaintiff's complaint is dismissed with prejudice;
b) plaintiff shall pay defendant Equifax attorney's fees in the amount of $150 within 14 days from the date of this order;
c) plaintiff shall pay defendant TRW attorney's fees of $150 within 14 days from the date of this order;
d) plaintiff shall pay defendant TU attorney's fees of $150 within 14 days from the date of this order.

FN1. It appears that plaintiff may have submitted her responses to defendants before she became aware of this court's March 31, 1994, Memorandum/Order.

FN2. Fed.R.Civ.P. 33(b) states in relevant part that:
(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which even the objecting party shall state the reasons for objection ...
(3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days ...
(4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely fashion is waived unless the party's failure to object is excused by the court for good cause shown.

FN3. Plaintiff's incorrect theory is also manifest in a variety of motions-for summary judgment, stay of proceedings, interlocutory appeal-that plaintiff has filed with this court.

FN4. See footnote 2, *supra.*

E.D.Pa.,1994.
Venable v. Equifax Credit Information Services
Not Reported in F.Supp., 1994 WL 268264 (E.D.Pa.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.