IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLUE HEN HOTEL, LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No.05-221-KAJ |
| CHARLES P. ARENA, | : |
| Defendant. | : |

### DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant, Charles P. Arena ("Arena"), through undersigned counsel, submits the following reply in support of his Motion to Stay Discovery.

1. In its September 19th Response to Arena's Motion to Stay Discovery, Plaintiff, Blue Hen Hotel, LLC ("Blue Hen") does not dispute that judicial inefficiency and unnecessary expense would result from proceeding with discovery at this stage, only that those considerations are insufficient to justify a stay of further discovery.

2. Blue Hen also does not argue that it would be prejudiced if discovery were stayed pending the Court's ruling on Arena's motion to dismiss.

3. Rather, Blue Hen takes the position that because the Court is unlikely to rule on Arena's motion to dismiss "until shortly before trial," Arena should be required to incur the expense of serving written responses to discovery and taking and defending depositions on all counts of the Complaint, including those he has moved to dismiss.

4. It is manifest that such an approach would place an unfair burden on an individual like Arena, who has limited resources to defend a lawsuit. Blue Hen

acknowledged its understanding of Arena's financial condition during the August 21, 2006 status teleconference with the Court, when Blue Hen's counsel stated that Blue Hen had not actively pursued this matter due to concerns that Arena is judgment proof. As contemplated by the authorities cited in Arena's September 11th Opposition to Plaintiff's Motion to Compel, a defendant in Arena's position is entitled to the procedural protection of Rule 12(b)(6), which is designed to narrow the issues at the outset of the case based on the application of law to undisputed facts. Discovery can proceed more efficiently for both parties and the Court if it is stayed to until a decision is rendered on Arena's 12(b)(6) motion.

5. In its September 19th Response, Blue Hen cites a few authorities for the proposition that a motion for protective order should be denied as untimely if it is not filed prior to the date discovery responses are due. This argument is not applicable, of course, to Arena's motion to stay insofar as it pertains to depositions, as Blue Hen has not issued any notices of deposition. With respect to Arena's written responses to Blue Hen's interrogatories and document requests, in none of the cases cited by Blue Hen had the party opposing a protective order failed to pursue discovery in a timely manner. From mid-April 2006, when Blue Hen's counsel reviewed 16 boxes of documents made available by Arena's counsel, until early August 2006, Blue Hen made no effort to seek additional discovery from Arena. It should not be heard now to complain about the timeliness of Arena's motion to stay further discovery.

WHEREFORE, for the foregoing reasons, Defendant, Charles P. Arena, respectfully requests that the Court enter an order denying Plaintiff's Motion to Compel and granting Defendant's Motion for a Protective Order.

                    BIFFERATO, GENTILOTTI, BIDEN & BALICK LLC

                    */s/ Joanne Ceballos*
                    Adam Balick (DE 2718)
                    Joanne Ceballos (DE 2854)
                    711 King Street
                    Wilmington DE 19801
                    (302) 429-1900
                    Attorneys for Defendant
                    Charles P. Arena

Dated: September 22, 2006