UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| BLUE HEN HOTEL, LLC, | ) | |
| | ) | Case No. 05-221 (KAJ) |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CHARLES P. ARENA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Charles P. Arena, by its undersigned counsel, for its answer to the complaint (the "Complaint") of Blue Hen Hotel, LLC ("Blue Hen") against Charles P. Arena ("Arena"), answers as follows:

### Parties

1. Arena is without information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 1 of the Complaint.

2. Arena is without information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 2 of the Complaint.

3. Arena admits the allegations contained in paragraph 3 of the Complaint.

### Jurisdiction and Venue

4. Arena admits the allegations contained in paragraph 4 of the Complaint.

5. Arena admits the allegations contained in paragraph 5 of the Complaint.

## FACTS

6. Arena admits the allegations contained in paragraph 6 of the Complaint.

7. Arena admits the allegations contained in paragraph 7 of the Complaint.

8. Arena admits the allegations contained in paragraph 8 of the Complaint.

9. Denied.

10. No response is required as the document speaks for itself.

11. Arena admits that it submitted payment applications. Arena denies the balance of the allegations contained in paragraph 11 of the Complaint.

12. Denied.

13. Arena is without information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13 of the Complaint.

14. Arena denies failing to pay its subcontractors. As to the balance of the averments, Arena is without information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14 of the Complaint.

15. Arena denies failing to pay its subcontractors. Arena is without information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 15 of the Complaint.

16. Arena is without information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 16 of the Complaint.

17. Denied.

18. Arena admits the allegations contained in paragraph 18 of the Complaint.

19. No response is required as what occurred during the bankruptcy proceedings is a matter of public record.

20. No response is required as what occurred during the bankruptcy proceedings is a matter of public record.

21. No response is required as what occurred during the bankruptcy proceedings is a matter of public record.

22. Denied.

23. Denied

24. Denied.

## COUNT I

25. No response is required. Arena's responses to Paragraphs 1-24 of the Complaint are incorporated by reference.

26. Arena denies the allegations contained in Paragraph 26 of the Complaint, except to the extent that the paragraph purports to state conclusions of law that require no response.

27. Arena denies the allegations contained in Paragraph 27 of the Complaint, except to the extent that the paragraph purports to state conclusions of law that require no response.

28. Arena denies the allegations contained in Paragraph 28 of the Complaint, except to the extent that the paragraph purports to state conclusions of law that require no response.

29. Arena denies the allegations contained in Paragraph 29 of the Complaint, except to the extent that the paragraph purports to state conclusions of law that require no response se.

30. Denied.

## COUNT II

31. No response is required. Arena's responses to Paragraphs 1-30 of the Complaint are incorporated by reference.

32. The Court has dismissed this Count.

33. The Court has dismissed this Count.

34. The Court has dismissed this Count.

## COUNT III

35. No response is required. Arena's responses to Paragraphs 1-34 of the Complaint are incorporated by reference.

36. Arena denies the allegations contained in Paragraph 36 of the Complaint, except to the extent that the paragraph purports to state conclusions of law that require no response.

37. Denied.

38. Denied.

39. Denied.

### First Affirmative Defense

40. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

41. The Complaint fails to join an indispensable pursuant to Rule 19.

### Third Affirmative Defense

42. The Complaint is barred under the doctrine of laches.

### Fourth Affirmative Defense

43. The Complaint is barred under the doctrines of waiver and estoppel.

### Fifth Affirmative Defense

44. The Complaint is barred under the doctrine of unclean hands.

### Sixth Affirmative Defense

45. Lack of privity of contract between Blue Hen and Arena.

### Seventh Affirmative Defense

46. Whatever damages were incurred by Plaintiff were the result of intervening and/or superceding acts or omissions of parties over whom Arena had no control.

### Eighth Affirmative Defense

47. The injuries and losses alleged by the Plaintiff, if they occurred, were caused by the acts and omissions of other parties, including possibly other defendants not named, over whom Arena had no responsibility or control.

### Ninth Affirmative Defenses

48. Plaintiff has failed to state a cause of action for attorneys' fees, prejudgment and post-judgment interest.

**WHEREFORE,** defendant Arena demands that Blue Hen's Complaint be dismissed in its entirety with prejudice, and awarding the costs and disbursements of this action to the full extent permitted by law together with such other and further relief as the court may deem just and proper.

BIFFERATO, GENTILOTTI, BIDEN & BALICK

*/s/ G. McD/*
Adam Balick (#2718)
Joanne Ceballos (#2854)
Garvan F. McDaniel (#4167)
711 King Street
Wilmington, Delaware 19801
(302) 429-1900
Attorneys for Defendant Charles P. Arena

Dated: October 30, 2006